UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-301 CAS (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | MICHAEL ZAMORA V. CHARTER COMMUNICATIONS, ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** **(In Chambers:) ORDER REMANDING CASE TO SUPERIOR COURT**

**I. INTRODUCTION AND BACKGROUND**

On December 10, 2008, plaintiff Michael Zamora filed a complaint in Los Angeles County Superior Court against his former employer, Charter Communications, LLC ("Charter"), Michelle Novy, and Does 1-100. Plaintiff alleges the following claims against Charter and Does 1-100, pursuant to the Fair Employment and Housing Act, Cal. Govt. Code §12940, et seq. ("FEHA"): (1) intentional infliction of emotional distress; (2) disability discrimination; (3) failure to provide reasonable accommodation; (4) failure to engage in the interactive process; and (5) discriminatory refusal to reinstate. As to Novy, plaintiff alleges a claim for intentional infliction of emotional distress ("IIED").

Plaintiff alleges that he became disabled as a result of a back injury in April 2007, while he was employed as a cable service technician at Charter. Compl. ¶6. Plaintiff alleges that as a result of his injuries, he was placed on medical leave by his treating physician. Id. Plaintiff alleges that he was released by his treating physician to work again in December 2007, with a restriction that he was not to lift over 25 pounds and was not to bend or stoop repeatedly . Id. ¶9. Plaintiff alleges that when he presented these restrictions to Charter, Charter refused to make any efforts to find accommodation for him or discuss possible work placements. Id. Defendant Novy was a member of Charter's human resources department at the time of plaintiff's injury. Plaintiff alleges that he spoke with Novy numerous times about the possibility of finding work for him. Plaintiff alleges that Novy repeatedly took actions to prevent him from working and made misrepresentations to him regarding the availability of work at Charter. Id. ¶39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-301 CAS (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | MICHAEL ZAMORA V. CHARTER COMMUNICATIONS, ET. AL. | | |

    On January 14, 2009, defendant Charter timely removed this action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). For diversity purposes, plaintiff is a citizen of California. Compl. ¶ 2. Defendant Novy is also a California citizen and therefore, complete diversity does not exist. Compl. ¶3. Charter maintains, however, that Novy has been fraudulently joined to this action and that plaintiff's joinder of Novy should be disregarded. Not. of Removal ¶16.

    On February 9, 2009, this Court ordered Charter to show cause why the instant action should not be remanded for lack of jurisdiction. Charter filed a response on March 6, 2009.

## II.    LEGAL STANDARD

    Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

    An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

    Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

    Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-301 CAS (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | MICHAEL ZAMORA V. CHARTER COMMUNICATIONS, ET. AL. | | |

removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court...." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham ...and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Insurance Company of America, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant."). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

## III. DISCUSSION

Charter argues that Novy is a "sham defendant" because plaintiff's IIED claim against Novy will necessarily fail. Removal ¶18. Charter presents four arguments as to why plaintiff's IIED claim against Novy has no possibility of success: (1) plaintiff has failed to state an IIED claim against Novy because her alleged conduct is not "outrageous" or "extreme" as a matter of law; (2) plaintiff's IIED claim is actually a disguised discrimination claim that is barred pursuant to FEHA; (3) Novy is protected by the manager's privilege because her alleged actions occurred within the scope and course of her employment; (4) plaintiff's IIED claim is preempted by the exclusivity provisions of the Worker's Compensation Act, Cal. Labor Code §§ 3600, 3602 ("WCA"). Id. at 9.

Each of Charter's arguments was rejected by a court in the Northern District of California in Calero v. Unisys Corp., 271 F.Supp.2d 1172 (N.D. Cal. 2003). The plaintiff in Calero brought an IIED claim against the manager who terminated his employment, alleging that the manager fired him for allegedly failing to report an absence. Plaintiff further alleged that the manager had falsely represented to him that his job was safe. The defendants in Calero argued that the manager was fraudulently joined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-301 CAS (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | MICHAEL ZAMORA V. CHARTER COMMUNICATIONS, ET. AL. | | |

and should have been disregarded for the purposes of determining diversity jurisdiction. Like defendants in this case, the defendants in Calero argued that: (1) the manager's conduct was not, as a matter of law, "extreme" or "outrageous;" (2) the manager could not be held liable for discriminatory personnel decisions under FEHA; (3) the manager was protected by manager's privilege; and (4) the IIED claim was preempted by the exclusivity provisions of FEHA. Id. at 1178-1181. The court in Calero rejected each of these arguments, finding that a state court could find that plaintiff had established a claim for IIED against the manager. Id. at 1178. Therefore, the Court concluded that the manager had not been fraudulently joined. Id. at 1182.

Similarly, the Court finds that in the instant case, Charter has failed to show that there is no possibility that plaintiff will be able to establish a claim for IIED against Novy. Although "managing personnel is not outrageous conduct," a court could find that Novy's alleged deception went beyond the bounds of personnel management and is sufficient to support an IIED claim. See Calero, 271 F.Supp.2d at 1177-8; Rulon-Miller v. Int'l Bus. Mach. Corp., 162 Cal. App. 3d. 241, 254 (1988) (upholding a jury finding of IIED where a manager offered plaintiff "a few days" to think about whether to stay at her job, then fired her without giving her the promised time).

Furthermore, for reasons more fully explained in the Court's Order to Show Cause, the Court is not persuaded by Charter's argument that plaintiff's IIED claim against Novy should be analyzed as a "disguised" discrimination claim. OSC at 3-4. Plaintiff asserts no FEHA claims against Novy, and Charter cites no authority to suggest that the Court should infer such a claim where it is not alleged. Id.; see also Calero, 271 F. Supp. 2d at 1178-79. Moreover, the Court cannot conclude that plaintiff's claims against Novy are barred by managerial privilege or the exclusivity provisions of the WCA. Managerial privilege and WCA preemption are extremely complex, fact-intensive inquiries. Id. at 1181. The outcome of these inquiries is not sufficiently clear to justify a finding of fraudulent joinder. Good, 5 F. Supp. 2d at 807. Therefore, because Novy and plaintiff are both citizens of California, complete diversity is lacking and this court lacks jurisdiction over this action.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby REMANDS this action to Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-301 CAS (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | MICHAEL ZAMORA V. CHARTER COMMUNICATIONS, ET. AL. | | |

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |